**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moua Vue, | |
|     Petitioner, | No. CV-09-1939-PHX-PGR (MHB) |
| vs. | |
| Katrina Kane, et al., | ORDER |
|     Respondents. | |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Burns in light of the Petitioner's Objections to Report and Recommendation (Doc. 39) and the respondents' Reply to Petitioner's Objections to Report and Recommendation (Doc. 40), the Court finds that the petitioner's objections should be overruled and that the Magistrate Judge correctly determined that the petitioner's Verified Petition for Writ of Habeas Petition, filed pursuant to 28 U.S.C. § 2241, should be dismissed as moot.

The petitioner, a native and citizen of Laos who entered the United States as a refugee in December, 1989, failed to apply for and acquire lawful permanent residency within one year of his entry into the United States as required by 8 U.S.C. 1159(a). The petitioner was taken into custody by Immigration and

Customs Enforcement in May, 2009 due to his failure to comply with § 1159(a).[1] In his habeas petition, filed on September 18, 2009, the petitioner sought his immediate release from immigration custody on the ground that his continuing detention under § 1159(a) was not constitutionally or statutorily authorized. Removal proceedings were commenced against the petitioner in October, 2009, and on November 10, 2009, the petitioner conceded his removability and waived the opportunity to seek any form of relief.  He was then ordered removed to Laos and he waived appeal.  On February 12, 2010, he was released from immigration custody on an order of supervision pending his removal.

Notwithstanding that he has obtained the relief he sought in his petition, which was release from immigration custody, the petitioner argues that this action should not be dismissed as moot pursuant to both the "capable of repetition yet evading review" exception to mootness and the "voluntary cessation" exception to mootness. The Court agrees with the Magistrate Judge that neither exception is applicable here.

The "capable of repetition" exception, which applies only in exceptional circumstances, cannot save this action from dismissal for mootness because the petitioner has not demonstrated the existence of a reasonable expectation or a demonstrated probability that he will again be subject to the same § 1159-related detention controversy.  As the petitioner expressly concedes in his objections, the existence of his unchallenged final order of removal means that he is unlikely

---

[1] Under 8 U.S.C. § 1159(a), a refugee who has been physically present in the United States for at least one year and has not acquired permanent resident status must "return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant[.]"

to be detained under § 1159 in the future. The Court rejects the petitioner's contention that he nevertheless falls within the purview of the exception because his case is materially similar to a class action as he is, through his counsel who is a public interest attorney, seeking to represent interests broader than his own, *i.e.,* the rights of other unadjusted refugees who may be indefinitely detained under § 1159. The petitioner, who only sought relief for himself in his habeas petition, cannot properly forestall a mootness dismissal under the "capable of repetition" exception by recharacterizing his petition as a generic challenge to ICE's § 1159 detention policy. In any case, the Magistrate Judge properly concluded that the petitioner has not established that ICE currently has an ongoing policy of indefinitely detaining unadjusted refugees pursuant to § 1159.

Second, the "voluntary cessation" exception also cannot save this action from dismissal because the respondents have sufficiently met their burden of showing that ICE's adoption in 2009 and 2010 of detention guidance policies regarding unadjusted refugees has made it clear that the allegedly wrongful § 1159-related detention policies underlying this action cannot reasonably be expected to recur. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 38) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Verified Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, is denied and that this action is dismissed as moot. The Clerk of the Court shall enter judgment accordingly.

DATED this 5th day of January, 2011.

Paul G. Rosenblatt
United States District Judge